PER CURIAM.
Paul E. Smith appeals his convictions and sentences for two counts of capital sexual battery. He raises numerous issues for our consideration but only his contention that the trial court erred in admitting certain inadmissible portions of his video-taped confession has merit. Although we conclude the trial court erred in allowing the State to present inadmissible and highly prejudicial evidence, we. hold the error to be harmless beyond a reasonable doubt and thus affirm.
The allegations leading to Smith’s convictions were fully admitted in his video-taped statement introduced into evidence. Perhaps most damaging to the 32-year-old Smith was his claim that his sexual contact with the six-year-old victim resulted from his inability to resist her advances. The evidence against Smith, including the admissible portions of his statement, constitutes explicit and unre-butted evidence of guilt, and we are convinced beyond a reasonable doubt that, with or without the inadmissible portion of the video-taped statement, the jury would have rendered the same guilty verdict.
Because of our affirmance, it is not necessary to recount all of the inadmissible evidence contained in the video shown to the jury. We are certain that Smith’s prior crimes and the alleged bestiality involving the victim elicited by the detective taking Smith’s statement were prejudicial and inadmissible. However, we agree with the trial court’s finding at the hearing on the motion for new trial that the admission of these portions of Smith’s statement constituted harmless error. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
We write in this case to point out to the State the danger of taking evidentiary risks at trial and then advancing to this court the harmless error doctrine to justify an affir-mance. Because the statements contained in the admissible portions of Smith’s confession provide overwhelming evidence of guilt, we question why the State and trial court risked reversal and a second trial by admitting questionable portions of the confession. This is particularly perplexing when a reversal would require the victim to again appear at trial and recount the despicable details of these crimes.
*582 The harmless error analysis provides a useful tool to shield our criminal justice system from unnecessary retrials in which negligible error would not change the result. The harmless error doctrine should not, however, become a sword used to deprive even the most guilty defendant of a fair trial.
We conclude the only complaint of error having merit was the trial court’s failure to redact from Smith’s video confession the inadmissible and prejudicial portions. We hold, however, that this was harmless error beyond a reasonable doubt. Accordingly, we affirm.
THREADGILL, A.C.J., and BLUE and WHATLEY, JJ., concur.